UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PAMELA MASON,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**DHL EXPRESS (USA), INC., and DENNIS LARSEN,**<br><br>     **Defendants.** | No. 2:11-cv-6131 (WJM)<br><br>**MEMORANDUM OPINION & ORDER** |

    **THIS MATTER** comes before the Court on Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). For the reasons stated below, the Court will **DENY** Defendants' motion.

    Plaintiff, an employee of Defendant DHL Express (USA), Inc. ("DHL"), commenced this action on October 18, 2011, alleging that Defendants terminated her and otherwise retaliated against her in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA") and the New Jersey Family Leave Act, N.J.S.A. 3411B-1, *et seq.*(the "NJFLA"). At some point either before or after she filed the Complaint, Plaintiff and DHL participated in a grievance process governed by the relevant collective bargaining agreement between DHL and local unions affiliated with the International Brotherhood of Teamsters (the "CBA"). On December 5, 2011, pursuant to the CBA, the Teamsters-DHL National Grievance Committee (the "NGC") issued its one-paragraph ruling. The NGC ruled that Plaintiff's discharge should be set aside and reduced to a disciplinary suspension "with time served." The NGC further ruled that Plaintiff was "reinstated and returned to work with full seniority and all rights on December 5, 2011." December 19, 2011, Defendants answered the Complaint. On February 6, 2012, Defendants filed the present motion to dismiss, alleging that the NGC's ruling mooted Plaintiff's action in its entirety, thereby depriving this Court of subject matter jurisdiction to hear her claims.

    Defendants argue that pursuant to the CBA, Plaintiff and the Union agreed that the grievance process provided in the CBA would be the sole and exclusive means by which the parties would dispute employment issues. Defendants further

argue that because Plaintiff "voluntarily" participated in the grievance and arbitration process she has already received a full hearing on these issues and is not entitled to "relitigate" them.

Ordinarily, the Court would have subject matter jurisdiction over Plaintiff's FMLA claims under 28 U.S.C. § 1331 and over her NJFLA claims under 28 U.S.C. § 1367. *See, e.g.*, *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 401 (3d Cir. 2007). Defendants insist emphatically that this case is not about contractual waiver of statutory claims. But Defendants do not provide any other basis for their argument that Plaintiff's participation in the grievance process deprives the Court of subject matter jurisdiction bestowed upon it by Congress to hear private rights of action created by state and federal law. Nor do Defendants cite any authority directly supporting their position.

The Court can only conclude that although Defendants use the word "moot", Defendants argue, essentially, that Plaintiff contracted away or otherwise waived her right to bring an FMLA claim via the CBA. But generally, an individual does not waive a statutory right merely by participating in an arbitral forum nor can a union waive an individual's federal statutory rights in a collective bargaining agreement. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49-50 (1974); *Moore v. United Parcel Service*, 474 F. Supp. 2d 882, 893-94 (E.D. Mich. 2007).[1] Again, Defendant does not explain how this case differs.

For the foregoing reasons and for good cause shown;

**IT IS** on this 31st day of May 2012, hereby,

**ORDERED** that Defendants' motion is **DENIED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1] Even if a union could waive an individual's statutory rights, the portions of the CBA cited by Defendants do not contain such a waiver. For example, Article 7 Section 1 provides only that disputes arising from the CBA must be resolved pursuant to the grievance process: "A 'grievance' is defined as any complaint or dispute arising under and during the term of this Agreement raised by the employee . . . involving an alleged violation, misinterpretation or misapplication of a provision of this Agreement. All such disputes shall be adjusted and settled solely and exclusively in accordance with the procedures set forth in this Article."